UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO PUJAS, | : | CIVIL ACTION NO. **1:CV-12-1840** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Fernando E. Pujas, an inmate at York County Prison, York, Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 14, 2012. (Doc. 1). Petitioner has also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2).

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located, and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging his January 5, 2005, conviction of retail theft that resulted in Petitioner being sentenced to two (2) years probation. (Doc. 1, p. 3; Montgomery County Court of Common Pleas Docket Number CP-46-CR-0007009-2004). Petitioner claims that this sentence should be overturned because it was a result of "an unfair and not full trial." (*Id*.).

The Petitioner is currently a prisoner at the York County Prison, York, Pennsylvania, which is in the Middle District of Pennsylvania.  He is challenging a conviction in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania.  All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania.

It will be in the interests of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania.  All of the conduct giving rise to Petitioner Pujas's habeas claims, as well as his challenged state court conviction and life sentence, occurred in the Eastern District of Pennsylvania.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).  See *Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and sentence was transferred to the Eastern District of Pennsylvania).

                                         **s/ Thomas M. Blewitt**
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

**Dated: September 18, 2012**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FERNANDO PUJAS, | : | CIVIL ACTION NO. **1:CV-12-1840** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 18, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of appellate rights.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: September 18, 2012**